ALDERMAN, Chief Judge.
The defendant appeals his conviction and sentence on three counts of possession of over five grams of marijuana with intent to sell and one count of accessory after the fact of grand larceny. The defendant received concurrent five year sentences on each of the possession charges, plus an additional two year consecutive sentence on the accessory charge. A number of issues are raised, but only one has merit: the evidence is not sufficient to sustain defendant’s conviction as an accessory after the fact.
The defendant was charged with violation of Section 777.03, Florida Statutes (1975), which provides:
Whoever, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he had committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact .
The facts are not in dispute. A quantity of marijuana, seized by law enforcement officers and being held as evidence, was stolen from the Martin County Jail. The thieves contacted the defendant; a deal was made and the defendant purchased the stolen marijuana.
The State proved that the defendant had no family relationship to the thieves and that he had assisted them by helping to dispose of the marijuana. It was also established that the defendant knew that the marijuana was stolen. However, there was no proof that the defendant intended to aid the thieves to “avoid or escape detection, arrest, trial or punishment”. This is an essential element which must be proved before there can be a conviction under Section 777.03.
The other points raised have been considered and found to be without merit. The defendant’s convictions for possession of marijuana are affirmed. His conviction as an accessory after the fact under Section 777.03 is reversed.
AFFIRMED in part, REVERSED in part.
DOWNEY and ANSTEAD, JJ., concur.