GROSS, J.
Leroy Wilson appeals his convictions of aggravated battery and accessory after the fact to robbery. We find that the trial court erred in denying his motion for judgment of acquittal on the accessory after the fact charge, and reverse. We affirm the aggravated battery conviction.
On July 16, 1999, Indolfo Mendez spoke with Wilson and Wilson’s acquaintance, Daniel Valentine, outside a Circle K convenience store in Indiantown. After talking to the men, Mendez returned to his trailer, about forty to fifty yards from the convenience store. The trailer could not be seen from the convenience store.
*336 Valentine followed Mendez. At the trailer, Valentine pushed Mendez and took two gold chains from his neck. Wilson remained at the convenience store while this occurred.
Mendez chased Valentine and yelled for help. Mendez, his two cousins, and his brother caught Valentine a few blocks away. As a struggle ensued, Wilson arrived in his car and entered the fracas. He struck one of Mendez’s cousins during the fight. After the brouhaha, Wilson ran to his car and left; there was conflicting testimony as to whether Valentine was in the car with Wilson.
Wilson testified on his own behalf. He stated that he believed Valentine and Mendez were friends, and, when they walked off together, he returned to his own car. Wilson said that he drove two to three blocks, saw Valentine engaged in a fight with four other men, and exited his car to try and stop the fight.
The jury found Wilson guilty of aggravated battery and accessory after the fact to robbery.
The trial court should not grant a motion for judgment of acquittal unless, when viewed in a light most favorable to the state, the evidence does not establish a prima facie case of guilt. See Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA 1998) (en banc). “In moving for a judgment of acquittal, a defendant admits all the facts and evidence adduced at trial, as well as every conclusion favorable to the State that a jury might fairly and reasonably infer therefrom.” Id.
Wilson argues that the state presented no evidence to support his conviction as an accessory after the fact. The state responds that Wilson’s knowledge of the robbery could be inferred from the facts.Section 777.03(l)(a), Florida Statutes (1999), provides:
Any person ... who maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that the offender had committed a felony or been accessory thereto before the fact, with intent that the offender avoids or escapes detection, arrest, trial or punishment, is an accessory after the fact.
(Emphasis added). The state was required to prove that: Valentine committed the robbery; Wilson knew Valentine committed the robbery or was an accessory before the fact to it; Wilson thereafter “maintained, assisted or gave any other aid” to Valentine; and, Wilson gave the aid with the intent that Valentine avoid or escape detection, arrest, trial, or punishment. See Bowen v. State, 791 So.2d 44, 50 (Fla. 2d DCA 2001).
The state was required to show that Wilson “either directly knew or was provided sufficiently reliable information of facts that would give a reasonable person sufficient basis to believe” that Valentine had committed the alleged crime. Bowen, 791 So.2d at 51(relying on Roberson v. State, 69 Ga.App. 541, 26 S.E.2d 142 (Ga. 1943); State v. Rider, 229 Kan. 394, 625 P.2d 425 (1981); Maddox v. Commonwealth, 349 S.W.2d 686 (Ky.1960); and Commonwealth v. Devlin, 366 Mass. 132, 314 N.E.2d 897 (1974)). In addition, the state had to show that the defendant intended to aid the principal (Valentine) to “avoid or escape detention, arrest, trial or punishment,” which is “an essential element which must be proved before there can be a conviction under Section 777.03.” Helms v. State, 349 So.2d 726, 727 (Fla. 4th DCA 1977); accord Bowen, 791 So.2d at 53.
Proving a defendant’s knowledge of the underlying crime or his intent in aiding the principal “will often require relying solely on circumstantial evidence. In that *337 event, the circumstantial evidence must be consistent with the defendant’s guilt and inconsistent with any reasonable hypothesis of innocence.” Bowen, 791 So.2d at 52; accord State v. Law, 559 So.2d 187, 188 (Fla.1989); Jackson v. State, 736 So.2d 77, 80-81 (Fla. 4th DCA 1999).
In this case, the state presented no evidence inconsistent with Wilson’s version of events. Wilson testified that he saw Valentine leave with Mendez, he thought they were friends, he left the convenience store, and he stopped to break up the fight. No evidence showed that Valentine and Wilson planned the robbery. It was undisputed that Wilson did not leave the convenience store with Valentine and Mendez and that the trailer could not be seen from the convenience store. In addition, no evidence demonstrated that Wilson was ever aware of the robbery so that his actions could be characterized as helping Valentine after the fact. There was no competent substantial evidence to support appellant’s conviction for accessory after the fact to robbery; therefore, we reverse.
Affirmed in part, reversed in part.
WARNER and HAZOURI, JJ, concur.